Okay, will the clerk please call the next case? 1-250-558-WC Engler Meyer Injustice Appellant by Maximilian Olle versus the Illinois Workers' Compensation Comm'n et al., John Barrichello, Appali by Harris Huzik. Okay, Mr. Olle, counsel, you may proceed. Thank you, your honors. May it please the court, my name is Maximilian Olle on behalf of Appellant Engler Meyer Injustice. I'd like to give a brief summary of the facts. Initially, John Barrichello was injured on September 17, 2009, and he filed a workers' compensation claim against Precision Pipeline, who is not party to this matter. Barrichello subsequently settled this claim in September of 2012 with open medical rights for reasonable, necessary, and related treatment for his back. Petitioner Barrichello then continued treatment for his back and was prescribed a spinal cord stimulator prior to his 2016 accident. Barrichello continued treatment for his initial injury in the weeks leading up to the second injury, where he was employed by Engler Meyer Injustice. At that point in time, he admitted that he was continuing to seek benefits and continuing treatment for his in his legal analysis of whether Petitioner's lumbar spine condition was causally related to the accident on October 21, 2016. On this matter, the commission failed to apply an independent intervening accident framework to the facts of this claim when they acknowledged that Petitioner had open Section 8A medical rights. It is an imperative term that at his trial, Petitioner admitted he was pursuing a petition for the exact same lumbar spinal treatment against his previous employer. Precision. When focusing on whether Petitioner's accident was a causative factor in his condition, they opined that a claimant could prove causation by showing proof of prior good health and a change in that condition. They incorrectly found that the alleged accident aggravated his alleged lumbar spinal condition. The reasoning is flawed and that they failed to consider whether Petitioner's 2016 accident broke the causal chain stemming from his 2009 accident. It is important to consider that under Vogel, they held that every natural consequence that flows from an injury that arose out of and in the course of claimant's employment is compensable unless caused by an independent intervening accident that breaks the chain of causation. They furthered and importantly so that other accidents, whether work-related or not, may have aggravated the claimant's condition is irrelevant. Now at trial, Barrichello admitted that he was pursuing a petition for the exact same lumbar spinal treatment. His own testimony confirmed his symptoms never resolved from the first accident. His symptoms are present and he was recommended for treatment, especially for the spinal cord stimulator, the exact same treatment he is now seeking payment for just weeks before the 2016 accident. But maybe most importantly from Vogel, the court stated that when a claimant's condition is weakened by a work-related accident, a subsequent accident that aggravates the condition does not break the causal chain. Barrichello argues that we want this court to apply a whole new legal analysis. They go on to state that the accident clearly broke the causal chain to the origining September 17, 2009 accident as it involved the same body parts. Whether the same body parts were injured or not is almost entirely irrelevant. I would argue that because they are the same body parts it is relevant. The second question I issue here is petitioner's alleged accident in 2016 did not break the causal chain to his accident in 2009. Petitioner admitted at his trial that he previously injured his lumbar spine in 2009 while working for Precision. He then went on to receive lumbar fusion surgery in 2011. His treatment however did not stop there. He continued treatment and had non-stop symptoms for his lower extremities and lumbar spine up until the new accident in October of 2016. He was undergoing treatment for the exact same condition he treated for after the 2016 accident. In fact, his prescribed treatment for his lumbar spine was unchanged. Almost all of Barrichello's relief as far as his lumbar spine and lower extremity pain was concerned was temporary. Thereafter, two years prior to the accident in 2014, Barrichello was diagnosed with a failed back syndrome and it was recommended that petitioner undergo a trial of a spinal cord stimulator. He then agreed to the implantation of same. Crucially, this recommendation did not change and is reflected in the consultation notes just weeks prior to his 2016 accident. He did not go forward with the accident because as he put it, he was quote, not willing to go through any time off of work, end quote. Following the 2016 accident, his recommendation stayed precisely the same. International Harvester gives us some guidance here. The petitioner in that case returned to work and the court stated that this alone does not establish that petitioner had recovered from the accident. Appellee contends that because he returned, this might mitigate the effects and that is not true according to International Harvester. They make it central to their argument. The third issue here is petitioner's claim against respondent for his lumbar spine treatment was not ripe for review. As argued in their brief, Illinois courts may rule upon actual controversies only and are prohibited from entering judgments which do not terminate the controversy or some part thereof giving rise to the proceeding. A claim is unripe when critical elements are contingent or unknown. In our case, the critical element is whether petitioner's spinal cord or injury condition are related to which accident, the first or the second. Accordingly, the court's decision that this matter was ripe should be reversed. The commission erred by finding that petitioner's condition of being was causally related to the accident in October of 2016. As the record demonstrates, petitioner was examined by Dr. Gleason on January 10, 2017, shortly after the second 2016 accident. Gleason stated that his pain complaints at the time were not consistent with the 2016 accident and when he visited in 2018, his opinions were essentially unchanged. The commissioner erred in awarding petitioner medical benefits, TTD benefits, and prospective medical benefits because petitioner's condition of ill-being was not causally related to the initial accident. Overall, the commission failed to properly review and analyze, excuse me, the petitioner's two claimed accidents and his medical treatment. The commission failed to apply proper Illinois case law regarding intervening accidents to the facts of this claim, resulting in an incorrect decision. When the correct analysis is applied, petitioner's alleged injury of 2016 did not break the causal chain between his original accident on September 17, 2009, and his current condition of ill-being in the lumbar spine. There was no change in the recommended treatment, a spinal cord stimulator, after the 2016 accident. The stimulator had been prescribed as a result of a failed lumbar fusion from the 2009 accident. In addition, the commission erred when it alleged conditions of ill-being of the spine to be causally related to the alleged accident in 2016. The commission should not have awarded petitioner TTD benefits and past and future medical benefits. Overall, I think it is, I believe it is clear that the condition that petitioner suffered from in his 2009 accident did not change. It was the exact same condition, he was receiving the exact same treatment, and then when the 2016 accident occurred, he claimed that he had suffered a new, a new, a new malady. This is, I believe, it is evident because petitioner was treating for this accident merely two weeks prior to this accident, the 2016 accident, the causal chain was not broken. The respondent, Ingrid Meyer and Justice, respectfully request that the decision of the commission be reversed and find that the October 2020, October 21st, 2016 accident did not break the causal chain. Thank you. The justice have any questions? Any questions on the bench? Yes, I do. So, the prior case, or the prior accident from, what was it, 2009, was that settled fully? I mean, that would, that would, the underlying cause was settled, and then there was still, it was still open for additional treatments, correct? Correct, it was settled, but it was Section 8A medical rights were left open, and I believe in the settlement contract, it referenced specifically back treatment as a result, or the back treatment, your honor. So, why wasn't, was there any action filed against that particular employer in light of this new accident, and why wasn't that employer brought in in this case in some way, do you know? No, no, no, it's not your turn yet, sir. Go ahead. Your honor, barbarous, yes, this action with the previous employer, there is a pending action, I believe it is up on appeal in the exact same district with the previous employer, and we attempted in the circuit court to consolidate the matters as we felt it would have been more efficient to do so in that instance. The circuit court did not agree with our argument to consolidate the matters, but we maintain that they should have been consolidated, not only to expedite everything, but so the court could review all the facts together. Unfortunately, the circuit court of Cook County did not agree with us in that matter. So, with regard to this particular device that's being requested, paid for, is it right to go before this court, or before the court, prior to that decision in the earlier court, or in the earlier case being decided? Is there a rightness issue here? You're on, you're muted for some reason. No, no, no. So, I'm sorry, your honor, may you repeat the question? I'm a little confused. So, is there a rightness issue that you're asking, that your opponent is asking that your company pay for this device when the other company may be on the hook for it, since it was prescribed during treatment for that prior to this accident? Yeah, we do believe there might be a rightness issue. I mean, to be completely candid, we believe these issues should have been decided together, and should not have been decided separately. Okay. So, if there's still a right for this claimant to receive treatment for the 2009 accident, and the prescribed treatment was, and continues to be, this spinal cord stimulator, can we decide whether the current employer on this 2016 accident is responsible for paying for that, since it was prescribed in the 2000, as a result of the 2009 accident? Well, I believe that the employer, Ingram Iron Justice, stemming from the 2016 accident, should not be paying for treatment, because it has not been properly adjudicated yet. And I guess that's what we're here to determine today, because we believe the facts suggest that we should not be paying for it, the specific spinal cord stimulator. And especially that's compounded by the fact that medical rights were left open from the initial accident, Your Honor. Right. Is there anything further from the court, any questions for counsel? No? Okay. Thank you, Your Honors. Appreciate it. We'll have time in reply. Okay. Mr. Huzik, is that correct? That is correct, Your Honor. Okay. You may respond. I may have, please, the court. My name is Harris Huskak. I represent the appellee, John Barry Keller. On this matter, just to briefly answer Justice's question earlier, the prior case, we did pursue an action against a previous employer who left Section 8A open as part of settlement contracts. That action is no longer active or pending before the court, Your Honor. That action has been dismissed, so this matter is ripe. There's no earlier accident in question. That matter is no longer before anybody. You say it was dismissed. How was it dismissed? Was it voluntarily dismissed by your client, or did the court hear on the merits and dismiss the case? There was a procedural issue, Your Honor, so there was never a hearing on merits. It was not a voluntary dismiss, so it was a DWP due to some procedural issues from several years ago. So it's no longer available to go after that employer? Correct. Was that dismissal appealed or not? It was appealed, and it was affirmed. Okay, and how does that affect... It has no merit, Your Honor. Sir, let me finish my question. With regard to the prior accident, those injuries that he sustained, because of those injuries, I should say, it was recommended that he has this spinal cord stimulator, and I know he didn't want to get the stimulator put in. He wanted to continue working. He seems like a hardworking guy that doesn't want to take time off of work and can push through some of these pains, but if that employer was at some point responsible for the injuries that resulted in this device being recommended for him, how is it the responsibility of the current employer after the traffic accident, how is it their responsibility to pay for that when he had that opportunity in the past? Your Honor, he worked for this current employer, the appellant in this matter, for three years leading up to the accident. He was not working with some restrictions or working light duty. He was working a very physical, full-duty position without any issues, and that was too. While he did have doctor's visits, there were regular checkups, Your Honor, like you and I might have. He did not go in there for injections two weeks prior to this accident taking place. Just because Section 8 was left open with the prior employer, it would be bad for public policy to preclude subsequent workers' comp cases with a new employer, Your Honor. Well, let me stop you for a second. In terms of that timeline, wasn't he seen by a doctor just weeks before this current accident who, again, suggested and they were discussing the spinal cord stimulator? He was just following up with his regular doctor that he treated for the earlier accident, Your Honor. Okay, and in that follow-up just weeks before this accident, was it still that treating physician's position that the device be utilized and that he had that implanted? That is correct. So just weeks before this accident, despite having been working for three years at a heavy work-type position, the doctor had still suggested that he needed that spinal cord stimulator because of, presumably, the pain and problems he was having from the first accident. That is correct, Your Honor, but even through the pain he was experiencing, he was still able to work. However, after the current accident that we're here for, he was unable to return to work, Your Honor, at any capacity. I mean, in Landon Lakes, all the appellee has to prove that the accident was a causative factor, not the only one, not the dominant factor, just one of the factors that led up to his current condition of ill-being. While he had the spinal cord stimulator recommendation prior, he was able to work, but at this current time, it wasn't just a lumbar spine that we're talking about in this current case, Your Honor. We're also talking about a cervical spine that was injured, unlike in the first accident back in 2009. So what was the spinal cord stimulator after the second accident? Is there medical necessity for the spinal cord stimulator that is specifically related to something other than the lumbar spine injury from the first accident? There is. Dr. Anabart, the appellee's treating physician, gave causation opinions in terms of the overall spine and related to the current accident, Your Honor. So that doctor opined that the stimulator would be beneficial to him due to the new injuries to his thoracic spine injury? Not just thoracic spine, but the spinal overall, cervical, thoracic, and lumbar. I mean, in terms of the appellant's argument, this is the intervening accident that broke the chain. This argument that the appellant is using here is only valid for the first case, that we're not here for, Your Honors, that that appellee could have used. But this appellant is the subsequent accident. They can't use an intervening accident. They are the intervening accident as a defense. It just doesn't make sense. Okay, so how many injuries were there in this 2016 accident? How many body parts? Yeah, what are the injuries? Lumbar, cervical, and thoracic spine, Your Honor. Okay, what were the injuries in the 2009 accident? Just the lumbar spine. So what's your position then? Who's responsible for the lumbar spine? The appellant in this matter, Your Honor, is a more recent employee. Correct, correct. I mean, if leaving Section 8A open settlement contracts, and if that precluded or was a valid defense for future would agree to leave Section 8A open in any settlement contract, and that would affect Medicare and Medicaid's interests, and it would just make every case have to go to trial pretty much in the worker's comp system. I mean, Section 8A helps everybody out, but doesn't mean that the future employer should be able to use that as a defense. It would just clog up the system with trials, Your Honor. I have nothing for it unless the justice have any questions. Any questions for the questions for the court? No? Okay. Mr. Oley, you may reply. Thank you, Your Honors. There are a couple things I just want to address and clear up. I wasn't aware of the final procedural issue with the matter being appealed, and I do have a lot of sympathy for Mr. Barrichello, but just because it is not fair to punish our client and to force our client to pay benefits for an accident that did not occur during the course and scope of his employment with Engler Meyer and Justice. So are you suggesting that there's no medical testimony or evidence to suggest that his lumbar spine was injured in this current accident, the 2016 accident? My apologies, Your Honor. So there is evidence to suggest that it might have been aggravated slightly. However, the aggravated condition does not, it does, just because something is aggravated does not mean that there wasn't a pre-existing condition. He was injured. He had the exact same symptoms two weeks before. He had the exact same symptoms in the weeks and months after, as I think Dr. Gleason, that's testimony from Dr. Gleason. That is the first thing I want to bring up. And I want to really emphasize here that he was recommended for the same treatment, just weeks. This is not years. This is not months. It's weeks. And I know Apelli mentioned that, well, he was back to work. So this argument is irrelevant. International Harvester states that just because, well, in International Harvester, just because the petitioner returned to work following an injury does not alone establish that the petitioner had recovered from injury. But that's taken just singularly. We know that he did not recover from injury because he was still treating from that injury. And I think that's very important here. And there, this is an issue. There are two, there's a lumbar spine and thoracic spine, but the lumbar spine, it was the exact same, it was the exact same body part. There really, it's just a continuation. I understand if there's an issue of paying for the thoracic side, the thoracic, excuse me, thoracic spinal injury, but the lumbar spinal injury was always present. It was present after the day of the accident in 2009 and remained unchanged until the accident in 2016 and thereafter. So this is not a matter of, oh, we're just going to keep a workers' compensation case open and then the first employer just somehow has to pay for the second injury. This is the same injury. So I reject Apelli's contention that this would just clog up the system. This is, I do believe it's a matter of fairness. It's a matter of fairness, in my case, to the employer, Anger, Justice, by saying, you can pay for the injury that occurred on your job that was not already present. But if there was an injury already present, he was treating, it's the exact same symptoms. And we have doctor testimony and the petitioner's testimony that confirmed this. I believe it is, in my view, clear that this is a continuation. There was no break in the causal chain. But so you're saying even if there's an aggravation, let's say he proved it was aggravated or someone in a subsequent accident with a subsequent employer proved there was an aggravation of a previous injury, work injury, then the subsequent employer is not liable. They're not liable for even an aggravation. True? So yeah, Vogel kind of lays this out. And they say that other incidents, whether worker or not, may have aggravated that, if they have aggravated the claimant's injury condition is irrelevant. The very essence of Vogel is whether another injury could have aggravated a previous one rests on the assumption that the aggravation must relate. Yeah. So I agreed, Your Honor. So it may not be your employer's problem. But in light of the fact that the other case has been closed and dismissed, and the appeal has been resolved, not in the claimant's favor, is he able to go back into that first case still and have a claim for this payment for this procedure? And again, it may not be your client's problem, but I'm just curious. So, Your Honor, that I do not know. However, I will say as Apelli conceded that it was a procedural issue on their part. And I was involved in that portion of the case. It's a procedural issue on their part. And I, once again, because even more so, it wasn't saying, oh, the initial employer wasn't found liable. They didn't even get to that point because there was a procedural issue. So I would say whatever consequences flow should not flow on Ingrameyer and Justice because of a procedural issue, whether fair or not. You already had a settlement contract with that prior employer, not you, but Apelli, right? Correct. There was a settlement contract that left medical rights open. Yeah. So that case was done and gone, right? The case was settled, but medical rights are left open. First, just to be clear. Of course, of course. So this action of whatever procedural in the other venue doesn't have anything to do with what we're talking about now, does it? I guess in your view, Your Honor, you'd be suggesting that because they're left open, any other subsequent case is not irrelevant, but less relevant because those medical rights are left open and therefore there need not be a case for payments to be made. I agree with you, Your Honor. Thank you, Your Honors. Okay. Are there further questions from the courts? Did Vogel involve a previous employer in a work accident and a subsequent employer in a work accident? I believe it did, Your Honor. Yes. Yes. He had an initial accident and then two subsequent accidents years later. With other employers. He made a work comp claim for other employers and the court said, no, no, he can't have anything from the subsequent employers. He has to go back to the first one. Is that what happened? I believe, unfortunately, Your Honor, I'm not, I do not have it up in front of me, but there were three separate accidents. We can look that up. Anything further? No? Okay. Well, thank you, counsel, both for your arguments in this matter. It will be taken under advisement, a written disposition shall issue. At this time, our clerk will escort you out of our remote courtroom and we'll proceed to the next case. Thank you, Your Honors.